JAMES M. HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29816. Promulgated September 25, 1953.

*David R. Shelton, Esq.*, and *Aaron L. Ford, Esq.*, for the petitioner.
*John J. O'Toole, Esq.*, for the respondent.

OPINION.

Bruce, *Judge:* Petitioner's first contention is that the deduction taken of $26,389.65 represents a business bad debt which became wholly worthless during the calendar year 1943. By amended petition he contends that if the deduction does not represent a business bad debt, the $1,509.05 expended by him as travel expenses on behalf of Buffalo is allowable as an ordinary and necessary expense in the operation of petitioner's business conducted as James M. Hawkins Company, incurred in efforts made by such business to procure an essential supply of brick for its customers.

Respondent contends that the advances in question, if held to constitute indebtedness to petitioner, are not business debts, as they have no direct connection with the operation of petitioner's individual business but are ones incurred in connection with an entirely different business, namely, the operation of a corporation of which the petitioner was a stockholder and officer, and that the evidence fails to establish that such indebtedness was wholly worthless as of the close of the year 1943. He contends further that the record establishes that the advances made by petitioner to Buffalo were in fact contributions to the capital of that corporation by petitioner as a stockholder, and consequently not in fact debts owing to petitioner but merely items of cost to him of his investment in that corporation.

Petitioner argues that the facts justify the finding that, as of the close of the year 1943 the advances in question were wholly uncollectible by reason of the fact that the capital of Buffalo was impaired and that its only business at that time was a contract with Bethlehem Steel Company which had been in October of that year canceled by that Company. He points to the fact that as of the close of 1943 Buffalo owed the Reconstruction Finance Corporation $34,004.22, secured by a first mortgage on all the assets of the corporation, and that this loan

was in default. He argues, on these facts, that the corporation was then shown to be in a hopeless situation with no possibility for the recovery of any portion of the advances made by him.

We do not think the record supports the petitioner in this contention. Although he testifies that the Bethlehem contract was canceled in October 1943, the record shows a formal cancellation on February 23, 1944, and shows further that on December 16, 1943, subsequent to the date on which he claims the Bethlehem contract was canceled, Buffalo, acting through him as its president, executed an assignment to the Smaller War Plants Corporation of payments to be made on deliveries under that contract, this being in connection with a loan which it had negotiated with that corporation for the sum of $30,000.

The record shows that as of the close of 1943 the condition of Buffalo was not hopeless, and on the basis of the facts then known it could not, in our opinion, reasonably be expected that advances made to it were without possibility of future payment. It is true that, as of the close of 1943, the loan by the Reconstruction Finance Corporation was in default, but at that time a loan had been negotiated and approved from the Smaller War Plants Corporation in the sum of $30,000, the proceeds of which were received shortly after the close of the year. It is further indicated that the contract of Buffalo with Bethlehem was at that time still considered as in existence. In fact, Buffalo was in receipt of $45,000 from Bethlehem several months later as compensation for cancellation of the contract.

The summary of Buffalo's financial condition as of the close of 1943, as stipulated by the parties and set out in our findings, does not, in our opinion, justify a conclusion as to its financial position as argued by petitioner. The liabilities shown thereon of $43,000 appear to be the advances made by stockholders. Its assets, represented by plant and equipment which is shown as $21,983.08, appear to be the original cost of such plant less depreciation taken of $37,795.11. This is not conclusive evidence of the value of the assets but of a net book cost.

As of the close of 1943 the petitioner had been able to negotiate for Buffalo an additional loan of $30,000 from the Smaller War Plants Corporation for use in its further operations, and we think it manifest that the condition of Buffalo was not hopeless and was not so regarded by petitioner at that time. Our attention has been called to no identifiable event in 1943 upon which a finding of hopeless insolvency could be predicated. The corporation was not in receivership. There is no indication that receivership was contemplated, and at the time of the hearing of this proceeding, more than 8 years later, the corporation was still in existence and operating with petitioner as its president.

It is our conclusion that at the close of 1943 the advances made by petitioner to Buffalo, if representing debts due him from that corpora-

tion, were not wholly worthless. Cf. *Coleman* v. *Commissioner*, 81 F. 2d 455.

Our conclusion that the advances made by petitioner did not represent debts wholly worthless as of the close of the taxable year, makes it possible to dispose of the question presented without passing upon the issue raised by respondent as to the character of these advances.

Petitioner's contention, by amended petition, that the item of $1,509.05 expended by him in 1943 in traveling on behalf of Buffalo in an endeavor to secure for it additional financing constituted an ordinary and necessary expense of his individual business deductible under section 23 (a), Internal Revenue Code, requires little discussion. It is admitted by petitioner that this expense was incurred in the interest of Buffalo. As such, it is of a character deductible by Buffalo in computing net income. For all we are advised, it may have been the subject of a deduction by that corporation. An expense, to be deductible under the cited section, must be both ordinary and necessary, and for one business to voluntarily pay the expenses of another is not an expenditure ordinary in character. *Welch* v. *Helvering*, 290 U. S. 111. It is, moreover, shown that the item in question was recorded on the books of Buffalo as an indebtedness due petitioner by that corporation and was reimbursed to him in full in the following year. Petitioner's contention is denied.

Reviewed by the Court.

*Decision will be entered for the respondent.*